IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIA BRICKLIN                                    )
11555 Dona Pepita Pl.                             )
Studio City, CA 91604                             )
                                                  )
            Plaintiff,                            )
                                                  ) Case No: 22-cv-1425
      v.                                          )
                                                  )
CENTRAL INTELLIGENCE AGENCY                       )
1000 Colonial Farm Road                           )
McLean, VA 22101                                  )
                                                  )
            Defendant.                            )
                                                  )
_____          )

## COMPLAINT

## I.  INTRODUCTION

1.  Plaintiff Julia Bricklin ("Plaintiff") brings this action seeking declaratory and

injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552 *et. seq*., by Defendant Central Intelligence Agency (hereinafter "CIA") in

failing to provide Plaintiff with all non-exempt records pursuant to her July 24, 2019,

FOIA request sent to this federal agency, seeking copies of all agency records regarding

Hannah Dorner Weinstein also known as Hannah Fisher a television and film producer.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

### III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### IV. PARTIES

4.  Plaintiff, Julia Bricklin, is an individual that, at all times relevant herein, has resided in Studio City, California.

5.  Defendant Central Intelligence Agency is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

### V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of  "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays,

and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about July 24, 2019, Plaintiff sent a FOIA request to the Central Intelligence Agency (CIA), seeking copies of all agency records regarding Hannah Dorner Weinstein, also known as Hannah Fisher, a television and film producer, who was allegedly investigated by the CIA within the 1950-1965 time period.

14. On or about August 31, 2019, the CIA sent Plaintiff a letter confirming receipt of Plaintiff's July 24, 2019, FOIA request, and assigning it reference number F-2019-02170.

15. On or about September 22, 2020, the CIA sent a letter to Plaintiff informing her that the estimated completion date of Plaintiff's FOIA request was May 19, 2021.

16. On or about September 1, 2021, the CIA sent a letter to Plaintiff providing her with a new updated estimated completion date of May 6, 2022.

17. On or about February 16, 2022, Plaintiff sent a letter to the CIA, inquiring as to the status of her FOIA request.

18. On or about March 3, 2022, the CIA sent another letter to Plaintiff, extending the estimated date of completion of her FOIA request to July 1, 2022.

19. As of the date of the filing of this action Plaintiff has still not received a final decision from the CIA, nor any of the records that she requested from her July 24, 2019, FOIA request referenced above.

## VII. FOIA VIOLATION CLAIMS

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1-19 previously set forth herein.

21. Defendant CIA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her July 24, 2019, FOIA request, and by failing to complete an adequate search reasonably calculated to locate all responsive records to her

July 24, 2019, FOIA request referenced above.

22.  By failing to provide Plaintiff with all non-exempt responsive record to her July 24, 2019, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant CIA has denied Plaintiff's right to this information, as provided by the law under the Freedom of Information Act.

23. Defendant CIA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 24, 2019, FOIA request.

24. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 24, 2019, FOIA request, Defendant CIA has denied Plaintiff's right to this information, as provided by law under the Freedom of Information Act.

25.  Unless enjoined by this Court, Defendant CIA will continue to violate Plaintiff's legal rights to be provided with copies of the records which she has requested in her FOIA request described in paragraph 13 above.

26. Plaintiff is directly and adversely affected and aggrieved by Defendant CIA's failure to provide responsive records to her FOIA request described above.

27. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

28. Plaintiff is entitled to reasonable costs of litigation, including attorney fees

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant Central Intelligence Agency has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her July 24, 2019, FOIA request.

2. Declare Defendant Central Intelligence Agency has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's July 24, 2019, FOIA request.

3. Direct by injunction that Defendant Central Intelligence Agency perform an adequate search for records responsive to her July 24, 2019, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's July 24, 2019, FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

Respectfully submitted this 20th day of May, 2022.

 /s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E

Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**